# BOHRER & LUKEMAN, PLLC

COUNSELLORS AT LAW
5 Columbus Circle
Suite 1501
New York, NY  10019
OFFICE (212) 406-4232
TELEFAX (212) 202-4440

MEMBERS NY AND NJ BAR

Abram I. Bohrer, Esq.
abe@flightinjury.com
-------------------------
David A. Zeitzoff, Esq.
david@flightinjury.com

www.flightinjury.com

NEW JERSEY OFFICE
354 Eisenhower Pkwy
Plaza 1, Second Floor
Livingston, NJ 07039

September 22, 2023

**Via ECF Filing:**
The Honorable Arun Subramanian
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   *Hameed v. Egyptair Airlines Company*
             Index No.: 1:23-cv-01757-AS

Dear Judge Subramanian:

      Please accept this correspondence as the Plaintiff's Motion to Compel production of outstanding documents and request for an informal conference, per Section Five (5) of the Court's Individual Practice Rules in Civil Cases.

      Plaintiff respectfully requests that the Court issue an Order requiring Defendant Egyptair Airlines Company ("Defendant" or "Egyptair") to provide: 1) a total of nine months of A/C Cabin Log Entries, which are inspection and repair records for the subject aircraft's cabin (four and a half months prior to and four a half months subsequent to the subject accident); 2) all documents, including written complaints, pleadings, deposition transcripts, expert disclosures, and documentary disclosures, from lawsuits and/or legal claims filed against Defendant for five (5) years prior to the subject accident; and 3) permitting the inquiry at Defendant's Rule 30(b)(6) deposition of current or prior litigation and complaints related to claims of passenger injuries for scald burns aboard its aircraft.

### I.    Factual Background and Procedural History

      This action arises from an incident on board Egyptair flight No. 985 travelling from Cairo International Airport (CAI) to New York's John F. Kennedy International Airport (JFK) (the "subject flight").  Plaintiff, a fare-paying passenger aboard the subject flight, alleges that while seated, she suffered burns on her thighs and lower abdomen by a lidless cup of hot liquid that spilled from a defective and unlevel tray table.

Hon. Arun Subramanian, U.S.D.J.
September 22, 2023
Page 2

On May 2, 2023, Plaintiff served her initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). On May 20, 2023, Egyptair served its initial disclosures.

On May 19, 2023, Plaintiff served her First Notice to Produce, First Requests for Admission, and First Set of Interrogatories. A copy of her First Notice to Produce is annexed hereto as **Exhibit A**.

On June 20, 2023, Defendant served its responses to Plaintiff's First Requests for Admission, but failed to provide responses to our interrogatories and document requests. We thus engaged in good faith efforts to obtain responses to our demands. On July 17, 2023, Plaintiff served a Notice Pursuant to Fed. R. Civ. P. 30(b)(6), which requested designation of a witness with knowledge, *inter alia*, information regarding prior lawsuits and customer complaints against Defendant for scald burns suffered aboard its aircraft. A copy of her Notice is annexed hereto as **Exhibit B**.

On August 2, 2023, Defendant served its responses to Plaintiff's Interrogatories and Requests for Production. On August 22, 2023, Plaintiff appeared for her deposition. During the deposition, we advised counsel of several deficiencies with Defendant's discovery responses and followed up via email.

We have litigated multiple matters against Defendant, including one prior action wherein the plaintiff suffered severe scald burns due to a defective tray table on a flight from CAI to JFK: *Serene Omar v. Egyptair Airlines Company*, Case No. 17-cv-08441(VSB)(HBP). In that matter, we received the following documents, *inter alia*: 1) the component maintenance manual for the subject tray table[1]; 2) Egyptair's beverage service manual; and 3) nine months of A/C Cabin Log Entries for the subject aircraft.

Our post-deposition email thus advised him that we did not receive any of the above, or documents related to prior lawsuits/complaints from scald burns on board its aircraft, all of which should have been provided. On August 24, 2023, counsel provided one month of A/C Cabin Log Entries for the subject aircraft (two weeks before and two weeks after the subject accident), and disputed the relevancy of the aircraft component maintenance manuals. The parties also jointly submitted a status update to the Court.

On August 25, 2023, I spoke with Defendant's counsel and provided counsel with a courtesy copy of discovery in the *Omar* action. On August 31, 2023, counsel stated by email that he would send us updated manuals (in the event the manuals disclosed in *Omar* were no longer applicable), he would disclose an additional month of A/C Cabin Log Entries, and reiterated his objection to the disclosure of any prior lawsuits. At the time, I was ill from the COVID-19 virus and thus replied to counsel on September 8, 2023, requesting a meet and confer, per the Court's rules.[2]

---

[1] We received two sets of pages from the same maintenance manual for the subject tray table.
[2] In the interest of brevity, we did not provide our emails, but can do so upon request.

Hon. Arun Subramanian, U.S.D.J.
September 22, 2023
Page 3

On September 13, 2023, at approximately 9:10 a.m., Mr. Carlsen and I conducted a meet and confer by telephone, which lasted approximately ten minutes. Due to an oversight, Mr. Bohrer did not attend. During the meet and confer, we resolved our issues with respect to the beverage and component maintenance manuals, thus leaving the documents from prior lawsuits and the lack of A/C Cabin Log Entries as the only outstanding issues.

Mindful of the Court's Individual Practice Rules, we conducted a Lead Trial Conference via telephone between Mr. Carlsen, Mr. Bohrer, and myself, on September 21, 2023, at approximately 10:00 a.m., which lasted approximately 30 minutes. During the meet and confer, counsel agreed to produce a total of two months of A/C Cabin Log Entries and declined to provide any information regarding prior lawsuits. We thus informed him that we believed we were at an impasse and would be filing a motion with the Court.

**II.     Legal Argument**

Rule 26 states in pertinent part, "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

It is well settled that "[e]vidence of other accidents is admissible when the conditions surrounding the other accidents are `substantially similar' to the accident which is the subject of the current litigation." *Bellinger v. Deere & Co.*, 881 F. Supp. 813, 817-18 (N.D.N.Y. 1995) (citing *Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1083 (5th Cir.1986)). In *Bellinger*, a products liability action involving injuries suffered while operating a corn picker, the Court allowed evidence of prior accidents with the same model corn picker, noting, "any differences in circumstances, such as whether the extremity was placed into the husking box accidentally or purposefully…go to the weight given to the evidence by the fact-finder." *Id*. at 818. Thus, records of similar prior complaints/lawsuits are discoverable "to establish that defendant had knowledge of the dangerous nature of the product and possibly lead to the discovery of other evidence relating to the product's effect on its users." *Bowen v. Whitehall Laboratories, Inc.*, 41 F.R.D. 359, 360 (S.D.N.Y. 1966); *see also Fine v. Facet Aerospace Products Co.*, 133 F.R.D. 439, 444 (S.D.N.Y. 1990) (ruling that a communication summarizing past and present litigation against defendant was discoverable).

Here, Plaintiff seeks nine months of A/C Cabin Log Entries for the subject aircraft, which aligns with the timeframe in the *Omar* action. We have litigated numerous cases involving defective tray tables and based on our experience, this time frame is reasonable. Airlines aim for quick "turnaround" times at airports, and upon landing, their ground personnel typically perform a cursory inspection, rarely opening each tray table to ensure

Hon. Arun Subramanian, U.S.D.J.
September 22, 2023
Page 4

that it is level.  Consequently, defects may go undetected for months and appear in the cabin log entries months after they first occur.  Therefore, our request for nine months of A/C Cabin Log maintenance entries is entirely justified. Defendant implicitly recognized this fact when it provided same in the *Omar* action.

Aviation burn claims typically share similar elements and factual scenarios, and thus the documents pertaining to such prior lawsuits are discoverable.  Indeed, many claims involve a lack of a lid on the subject hot beverage, flight attendants seeking medical assistance or providing medical supplies to injured passengers, and similar documentation memorializing the circumstances of the accident and an individual's injuries.  A significant subset also involve a defective tray table, as in the present matter.  Thus, as the *Bowen* Court explained, the airline's decision to serve a lidless, scalding beverage to Ms. Hameed and perform cursory inspections of its tray tables should be evaluated based on the number of scald burns suffered by its passengers and the circumstances of their injuries "to establish that defendant had knowledge of the dangerous nature" of the hot beverages it served and its failure to safely do so.  *Id*. at 360.

## **CONCLUSION**

For the foregoing reasons, it is respectfully requested that the Court compel Defendant to provide the requested material.

Respectfully Submitted,
BOHRER & LUKEMAN, PLLC

*David Zeitzoff*

_____
David A. Zeitzoff, Esq.

As discussed on the September 28, 2023, teleconference, the motion is GRANTED IN PART:
- Defendant shall produce nine months of A/C cabin log entries, from 4.5 months before and after the accident.
- Defendant shall produce written internal complaints and identify publicly filed lawsuits involving scald burns from two years before the accident here through present day.
- Defendant's 30(b)(6) witness should be prepared to discuss the complaints and suits identified as part of the above production. Plaintiff is encouraged to provide at least some questions in advance so that the 30(b)(6) witness may familiarize himself or herself with the details in which Plaintiff is interested.

The Clerk of court is directed to close ECF 22.
SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: September 28, 2023