# BOHRER & LUKEMAN, PLLC

COUNSELLORS AT LAW
5 Columbus Circle
Suite 1501
New York, NY  10019
OFFICE (212) 406-4232
TELEFAX (212) 202-4440

MEMBERS NY AND NJ BAR             www.flightinjury.com             NEW JERSEY OFFICE
                                                                   354 Eisenhower Pkwy
Abram I. Bohrer, Esq.                                              Plaza 1, Second Floor
abe@flightinjury.com                                               Livingston, NJ 07039
-------------------------
David A. Zeitzoff, Esq.
david@flightinjury.com

March 8, 2024

**Via ECF Filing:**
The Honorable Arun Subramanian
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    *Hameed v. Egyptair Airlines Company*
              Index No.: 1:23-cv-01757-AS

Dear Judge Subramanian:

      Please accept this correspondence as the Plaintiff's Motion to Seal pursuant to Section 11(c)(ii) of the Court's Individual Practice Rules in Civil Cases.  Plaintiff respectfully requests that the Court allow her to file her medical record attached as Exhibit E to Plaintiff's Motion *In Limine* under seal as it constitutes "protected health information."

      The Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the accompanying regulations promulgated by the Department of Health Services prevent the disclosure of "protected health information," which includes "past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual."  45 C.F.R. §§ 160.103, 164.502(a); *See Offor v. Mercy Medical Center*, 167 F.Supp.3d 414, 445 (E.D.N.Y. 2016).  Indeed, courts in the Second Circuit have repeatedly held that information protected by HIPAA is not subject to a First Amendment or common-law right of access and thus have sealed docket entries and redacted documents that contain such information. *Offor*, *supra*, 167 F.Supp.3d at 445; *See Tavares v. Lawrence & Mem'l Hosp.*, No. 3:11-CV-770, 2012 WL 4321961, at *11 (D.Conn. Sept. 20, 2012) (entering a protective order with respect to portions of plaintiff's medical records); *see Dilworth v. Goldberg*, No. 10-CV-2224, 2014 WL 3798631, at *2, n.3 (S.D.N.Y. Aug. 1, 2014) ("Exhibits S, T, and Z were properly redacted, as they comprised Plaintiff's private medical records."); *Hand v. New York City Transit Auth.*, No. 11-CV-997 (RRM)(MDG), 2012 WL 3704826, at *5 (E.D.N.Y. Aug. 26, 2012) (sealing portions of plaintiff's medical records).

Hon. Arun Subramanian, U.S.D.J.
March 8, 2024
Page 2

Here, **Exhibit E** is Plaintiff's medical record related to treatment she received and protected by HIPAA. Moreover, redaction is not feasible given the portion of the document submitted for the Court's consideration. Thus, for the foregoing reasons, Plaintiff respectfully requests **permission to file the aforementioned record under seal**.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court allow Plaintiff to file Exhibit E to her Motion *In Limine* under seal.

Respectfully Submitted,
BOHRER & LUKEMAN, PLLC

_____
David A. Zeitzoff, Esq.

**Via ECF Filing:**
cc:   Abram I. Bohrer, Esq.

Christopher Carlsen, Esq.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: March 11, 2024